■ In the Matter of AIR CALL NEW YORK CORP. et al., Appellants, v PUBLIC SERVICE COMMISSION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 16, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to direct the Public Service Commission to conduct a hearing into the propriety of a proposed tariff of New York Telephone for the introduction of "Bellboy" radio paging service in New York City and to order a suspension of such tariff pending such hearing, or, in the alternative, to order an interim tariff pending this hearing. Petitioners allege that they were denied due process by the Public Service Commission's procedures in allowing the proposed tariff to become effective over their objections without affording petitioners a hearing or other opportunity to study and respond to the material submitted by the respondent, New York Telephone Company. Respondents allege that the respondent commission properly allowed the rates to become effective without a hearing; that a hearing is discretionary with the commission and, under the circumstances, upon the facts presented, it was not an abuse of discretion to make the determination without a hearing. Subdivision 2 of section 92 of the Public Service Law grants to the commission the discretion to permit proposed rates filed with it to go into effect without a hearing (*Bronx Gas & Elec. Co. v Maltbie,* 268 NY 278; *Matter of Campo Corp. v Feinberg,* 279 App Div 302, affd 303 NY 995). The record indicates respondent, New York Telephone

Company, submitted extensive cost-data material to the commission. This was analyzed by the commission's staff which concluded that it was fully compensatory. The analysis indicated that petitioners' complaint and New York Telephone Company's response were fully considered by the staff as such related to the question of the rates being compensatory. The record demonstrates that the commission acted upon substantial evidence and with a rational ·basis in arriving at its decision. On the other hand, petitioners offer no substantial evidence that the data supplied to the commission was not credible or that the commission improperly analyzed such data. The judgment of Special Term should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.